IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RICKEY WHITE                                                                                          PETITIONER

       v.                                                       CIVIL NO. 15-5134

ANITA TRAMMEL, Warden,
Oklahoma State Penitentiary                                                                   RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      Currently before the Court is Petitioner Rickey White's 28 U.S.C. § 2254 motion (Doc. 1), "Motion to Vacate[] the Life Sentence Back to the Trial Court with Instructions for a New Trial (Doc. 10), and "Challenge to the Arrest Warrant" (Doc. 11).

      In his § 2254 petition, White indicates that he was convicted in Choctaw County, Oklahoma of first degree murder and was sentenced in February 1981 to a life sentence. White asserts various grounds for relief from his conviction, including actual innocence and prosecutorial intimidation of a witness. White asks this Court to "retain long-arm jurisdiction over his underlying criminal proceedings claims," and asserts that the "Oklahoma Court systems has prejudice and harm [his] case because of prejudice, biased opinion, and race, and [he] has not got a fair hearing on his case." (Doc. 1 at pg. 23.) In the other two motions filed with the Court (Docs. 10 and 11), White makes additional challenges to his Oklahoma arrest and conviction.

      All applications for writs of habeas corpus, including those filed under 28 U.S.C. § 2254 by persons in state custody, are governed by 28 U.S.C. § 2241. See Rameses v. United States District Court for the E.D. Cal., 523 Fed. Appx. 691, 694 (11th Cir. 2013). Under § 2241(a), federal district courts may grant writs of habeas corpus only "within their respective jurisdictions." For a person who is "in custody under the judgment and sentence of a State court " and who wishes to file a §

2254 petition, § 2241(d) specifies the "respective jurisdictions" where such a petition may be filed: in the federal district (1) "within which the State court was held which convicted and sentenced him"; or (2) "wherein [he] is in custody." 28 U.S.C. § 2241(d).

Because White was convicted in Oklahoma and is confined in the Oklahoma Department of Correction, this Court lacks jurisdiction over his § 2254 petition and his other motions challenging his arrest and conviction. Rather than dismiss White's petition, however, the undersigned recommends that the Court exercise its discretion and, in the furtherance of justice, **TRANSFER** this case to the Eastern District of Oklahoma pursuant to § 2241(d).

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**.

```
        DATED this 13th day of July, 2015.
```

                                                      */s/ Erin L. Setser*
                                                    HON. ERIN L. SETSER
                                                    UNITED STATES MAGISTRATE JUDGE